# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# at ASHLAND

**CIVIL ACTION NO. 08-42-DLB**

**BEST WESTERN INTERNATIONAL, INC.**                                        **PLAINTIFF**

vs.                 **MEMORANDUM OPINION AND ORDER**

**SUPER SUNRISE, LLC, ET AL.**                                            **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, a hotel franchisor, commenced this action in our Court by registering a foreign judgment pursuant to 28 U.S.C. § 1963. Plaintiff seeks to recover approximately $78,000 from Defendant, a former hotel franchisee, under a default judgment obtained from the U.S. District Court for the District of Arizona.

Defendants have moved, pursuant to Federal Rule of Civil Procedure 60(b)(4), for relief from the default judgment (Doc. #27). The motion has been fully briefed, (docs. #30, 31), and the matter is now ripe for review.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Best Western International, Inc. ("Best Western"), is non-profit membership association based in Phoenix, Arizona which operates approximately 2,000 independently-owned hotels in North America. On May 17, 2007 Best Western filed a complaint against former franchisee Super Sunrise, LLC and Narendra Khatri in the United States District Court for the District of Arizona, Case No. CV06-1316-PHX-FJM, alleging a variety of

---

[1] In addition, Plaintiff has requested that the Court hear oral argument on Defendant' pending motion. (Doc. #32).

claims including breach of contract.

On October 16, 2006, Best Western sought a Clerk's entry of default in the District of Arizona against Super Sunrise. In support of its application, Best Western attached completed return of service forms for the summons issued for Super Sunrise, LLC and Narendra Khatri. The Clerk entered a default against Super Sunrise and Mr. Khatri on October 23, 2006. On December 12, 2006, the Arizona District Court entered, pursuant to Fed. R. Civ. P. 55(b)(2), a default judgment against Super Sunrise, granting Best Western the injunctive relief requested in its complaint, $75,349.64 plus interest in monetary relief, and $3,116.90 in attorney's fees and costs.

On February 19, 2007, Best Western registered the default judgment in the Eastern District of Kentucky pursuant to 28 U.S.C. § 1963, and commenced collection activities, specifically seeking a writ of execution on all property owned by Super Sunrise.[2] The writ of execution was granted; however, the U.S. Marshal was unable to locate any property belonging to Super Sunrise at the address provided to the Kentucky Secretary of State, and was informed that the hotel known as "Best Western Village Inn" had been sold by Super Sunrise to a Mr. Junior Patel in November 2005.[3]

Best Western thereafter sought a temporary restraining order to prevent the members of Super Sunrise from receiving the proceeds derived from the sale of its mortgage interest in the "Best Western Village Inn" which had been the subject of a land

---

[2] In addition to Super Sunrise, LLC, Plaintiff's also named Narendra Khatri and Greenup Hotels, Inc. as defendants in its enforcement action. To this date, neither Mr. Khatri nor Greenup Hotels has entered an appearance in this case.

[3] Super Sunrise sold the "Best Western Village Inn" to Greenup Hotels, Inc. via land contract on November 1, 2005. Approximately a year later, on November 2, 2006, Super Sunrise, LLC was administratively dissolved by the Kentucky Secretary of State.

contract between Super Sunrise and Greenup Hotels, Inc. Super Sunrise opposed the entry of a temporary restraining order, however, before this Court could rule on Best Western's motion, the parties resolved the pending motion by agreeing to have the proceeds of the hotel sale, $89,000, held in escrow by Super Sunrise's attorney, Donald Yates pending further order of this Court.

On June 19, 2008, Super Sunrise filed the pending Rule 60(b(4) motion seeking relief from the default judgment entered by the Arizona District Court. In its motion, Super Sunrise contends that because Best Western never effected proper service of process upon an agent of Super Sunrise, the Arizona judgment is void for lack of personal jurisdiction. Super Sunrise asks this Court to declare the Arizona judgment void and dismiss the current enforcement action. In the alternative, Super Sunrise requests a stay of the instant action to permit it to seek relief before the Arizona District Court.

## II. ANALYSIS

This case presents the novel question of whether a defendant may attack, before a registering court, a default judgment rendered in another jurisdiction on the grounds that the rendering court lacked subject matter jurisdiction over the case. After an examination of the law of this Circuit dealing generally with vacatur under Rule 60(b)(4), and of the decisions from other Circuits related to the specific question at issue in this case, this Court holds that a registering court has the discretionary authority to consider, under Federal Rule of Civil Procedure 60(b)(4), a motion to void a default judgment entered by a rendering court on the basis that the rendering court lacked subject matter jurisdiction over the case. In this case, however, the Court declines to exercise that authority, as it finds that the question of whether Defendant Super Sunrise was properly served with process in the

underlying action is a question best addressed by the rendering court.

### A. Lack of Personal Jurisdiction is Proper Grounds for Vacatur Under Fed. R. Civ. P. 60(b)(4)

Pursuant to Federal Rule of Civil Procedure 60(b)(4), Super Sunrise asks this Court to void the default judgment entered against it by the United States District Court for the District of Arizona. Rule 60(b)(4) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (4) the judgment is void." Fed. R. Civ. P. 60(b)(4).

A judgment is void under 60(b)(4) "'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a matter inconsistent with due process of law.'" *Jalapeno Prop. Mgmt., L.L.C. v. Dukas,* 265 F.3d 506, 516 (6th Cir. 2001) (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990) ("It is elemental that a judgment rendered by a court lacking personal jurisdiction over the defendant is void as to that defendant."). The failure of a plaintiff to properly serve a defendant with process deprives a court of personal jurisdiction over the defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.").

Despite Rule 60(b)'s use of "may," the law is settled that a court lacks discretion under clause (4): "[i]f the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)."

*Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995); *Jordan v. Gilligan*, 500 F.2d 701, 704 (6th Cir. 1974) ("A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside.").

### B. This Court May Consider Defendant's 60(b)(4) Motion

There is no question that a court may grant a Rule 60(b)(4) motion to vacate one of its own judgments, and it has been established that Defendant's motion to dismiss presents proper grounds for vacatur under Rule 60(b)(4). The Sixth Circuit Court of Appeals has not, however, explicitly ruled on whether it is proper for a court to consider, and grant the relief requested, by a Rule 60(b)(4) motion seeking to vacate another court's judgment for lack of personal jurisdiction.

"Although Rule 60(b) does not specify the correct forum for presenting a motion for relief from judgment, the motion is generally brought in the district court rendering judgment." *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir. 1980); *Indian Head Nat'l Bank of Nashua v. Brunelle*, 689 F.2d 245, 248 (1st Cir. 1982) ("60(b) motions have generally been brought in the rendering court."); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 11 Federal Practice and Procedure § 2865 (2d ed. 1995) ("Relief under Rule 60(b) ordinarily is obtained by motion in the court that rendered the judgment.").

Nevertheless six other Circuits have stated, either in holdings or dicta, that a registering court may consider a Rule 60(b)(4) motion. Of those six, four have expressly held that a registering court may vacate a default judgment of a rendering court when the rendering court lacked personal jurisdiction over the defendant. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008); *Harper Macleod Solicitors v. Keaty &* Keaty, 260

5

F.3d 389, 394-95 (5th Cir. 2001); *Morrison ex rel. Rector v. Peterson*, 759 F.2d 809, 811 (10th Cir. 1985); *Covington Indus., Inc.*, 629 F.2d at 732-34.  The First Circuit has endorsed the view of the Second, Third, Fifth, and Tenth Circuits, but only in dicta. *Indian Head Nat'l F.3d Bank of Nashua*, 689 F.2d at 250-51 (stating that Rule 60(b)(4) challenges to default judgments are one of two exceptions to the general rule that Rule 60(b) motions must be addressed to the rendering court).  The Ninth Circuit has come to the same conclusion that a registering court may entertain a Rule 60(b)(4) motion attacking an underlying judgment, however, its holding addressed a motion to vacate based, not on a challenge to the rendering court's jurisdiction, but on a challenge to the constitutionality of the rendering court's judgment. *FDIC v. Aaronian*, 93 F.3d 636, 639-40 (9th Cir. 1996).

Only one Circuit, the Seventh Circuit Court of Appeals, has held that Rule 60(b)(4) motions must be presented to the rendering court.  In *Board of Trustees v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000), the Seventh Circuit concluded that the registering court may not "modify or annul" the judgment of another district court under any provision of Rule 60(b), including Rule 60(b)(4).  A registering court may, however "resist enforcement of [the registered judgment] if, but only if, the [rendering court] lacked personal or subject-matter jurisdiction." *Id.* at 1035.  In so holding, the Seventh Circuit emphasized that resisting enforcement and formal annulment under Rule 60(b)(4) are not the same: annulling a judgment deprives it of its effect in all forums - including the court in which it was rendered - while resisting enforcement deprives the judgment of effect only in the jurisdiction in which it is registered. *Id.* at 1034.  The motivation behind this holding is the Seventh Circuit's concern that, if courts of registrations are allowed to annul or modify foreign judgments, a judgment rendered in several jurisdictions could become subject to

inconsistent modifications. "A judgment may be registered in may districts, and it would not make much sense to allow each of these districts to modify the judgment under Rule 60(b), potentially in different ways." *Id.*

Considering that the Seventh Circuit's approach to this issue has been rejected by the two Circuits that have, since the publication of *Elite Erectors*, considered the power of registering courts to grant vacatur under Rule 60(b)(4),[4] and that it stands alone in stark contrast to the majority, this Court adopts the view of the majority of the Circuits. Therefore, although it may be preferable for a Rule 60(b)(4) motion to be addressed to the court which rendered the judgment in question, this Court has the authority to entertain Super Sunrise's motion seeking to void the default judgment entered against it by the U.S. District Court for the District of Arizona.

### C. Although the Court Has the Power to Vacate the Default Judgment Entered Against Super Sunrise in Arizona, It Declines To Do So

The language of the registration statute provides a judgment "so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1983. The Sixth Circuit has interpreted this language to mean "that registration under §1963 is the equivalent of a new judgment," and that "the statute must imply similar inherent powers to the registering court to enforce those judgments." *Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002) (citing *Stanford v. Utley*, 341 F.2d 265, 268 (8th Cir. 1965) ("We feel that registration provides, so far as enforcement is concerned, the equivalent of a new judgment of the registration

---

[4] Those two Circuits are the Third and Fifth. *See Budget Blinds, Inc.*, 536 F.3d at 259 ("We see no reason to break with the majority of circuits and embrace the cumbersome process endorsed by the Seventh Circuit."); *Harper Macleod*, 260 F.3d at 395.

court.")). It follows that, if the registering court has the same powers as the rendering court to enforce the judgment, it would also posses the same power to vacate the judgment under Rule 60(b)(4). Indeed, all of the Circuits that have found it appropriate for a registering court to consider a Rule 60(b)(4) motion based on the rendering court's lack of personal jurisdiction have held that the registering court has the power to vacate the underlying judgment. *See, e.g., Budget Blinds, Inc.*, 536 F.3d at 258 ("Neither party has contended that the District Court lacks [the power to vacate the default judgment of the rendering court]. Nevertheless, we . . . hold that this power exists."); *Harper Macleod*, 260 F.3d at 395 ("We join the majority of circuits and hold that registering courts may use Rule 60(b)(4) to sustain jurisdictional challenges to default judgments issued by another district.").

Although it is proper for a registering court to vacate a default judgment rendered in another jurisdiction, a district court in which the judgment is registered is well within its discretion to refer a Rule 60(b)(4) motion back to the rendering court. *See, Covington Indus., Inc.*, 629 F.2d at 738 (Lumbard, J., concurring) ("Of course, [the district court judge], in the exercise of his discretion could have held that the [rendering] court was a more suitable forum for the [Rule 60(b)(4)] motion."); *U.S. ex rel. Mosher Steel Co. v. Fluor Corp.*, 436 F.2d 383, 385 (2d Cir. 1970) ("Few would argue however, that the court of registration lacks discretion in appropriate circumstances to refer the parties to the court which rendered judgment."); *cf. Indian Head Nat'l Bank of Nashua*, 689 F.2d at 249 ("Courts of registration presented with Rule 60(b) motions have themselves shown a marked reluctance to entertain them, generally deferring to the rendering courts.").

8

Judicial efficiency and comity among district courts are often cited as reasons counseling deference to the registering court. *Harper Macleod*, 260 F.3d at 389. A number of courts have noted, however, that both of these policies become less relevant when the judgment sought to be voided is a default judgment. *See, e.g., Covington Indus. Inc.*, 629 F.2d at 733. Judicial efficiency premised upon the assumption that the rendering court is more likely to be familiar with the case does not apply when the judgment in question was entered by default: "in rendering a default judgment the rendering court necessarily is relatively unfamiliar with the merits of the case." *On Track Transp., Inc. v. Lakeside Warehouse & Trucking, Inc.*, 245 F.R.D. 213, 221 (E.D. Pa. 2007).

Several Circuits have emphasized, however, that this limited interest must be balanced against the well-established principle that a defendant is permitted to purposely suffer a default judgment in order to collaterally attack the jurisdiction of the rendering court. *Budget Blinds Inc.*, 536 F.3d at 259-260 ("[C]omity must be balanced against the longstanding principle that '[a] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding.'" (quoting *Ins. Corp. of Ir. Ltd. v. Compagnie des Bauxites des Guinee*, 456 U.S. 694, 706 (1982))); *Harper Macleod*, 260 F.3d at 395 ("That one district court may exercise such authority over another is a necessary consequence of the established rule that a defendant ay challenge a rendering court's personal jurisdiction in a court in which enforcement of a default judgment is attempted.").

Despite the diminished relevance of judicial efficiency and comity to the case at bar, there exist several circumstances which counsel deference to the U.S. District Court for the District of Arizona. First, Super Sunrise is moving, in this district, to void the default

judgment entered in Arizona due to defective service of process. Whether the summons filed by Best Western in the rendering court was sufficient to confer jurisdiction will necessarily entail discussion and consideration of the Arizona long-arm statute and the Arizona cases which interpret it, an inquiry best undertaken by a court familiar with both. Second, Super Sunrise has never challenged the Arizona court's jurisdiction on substantive grounds, *i.e.*, that it lacks sufficient minimum contacts with Arizona to be amendable to that state's jurisdiction; on the contrary, Super Sunrise's jurisdictional argument is procedural, that it never received notice of the suit in Arizona. Finally, Best Western alleges that its franchise agreement with Super Sunrise included a forum-selection clause which states that Arizona shall have exclusive jurisdiction to hear all matters related to the franchise agreement; therefore, should the default judgment be vacated by the rendering court, it is likely that any future proceeding in this case would take place in Arizona.

In light of these circumstances, this Court declines to exercise its discretionary authority to decide the merits of Super Sunrise's Rule 60(b)(4) motion to dismiss, and transfers this matter back to the U.S. District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).

### III.     CONCLUSION

Therefore, for the reasons stated herein,

**IT IS ORDERED as follows:**

1. The Clerk of this Court is directed to **TRANSFER** this case to the U.S. District Court for the District of Arizona, and to transmit a certified copy of the entire record to that court;

2. Defendants's Motion to Dismiss, or in the Alternative, Stay Action (Doc. # 27) is hereby **DENIED WITHOUT PREJUDICE**. Defendant may re-file its Rule 60(b)(4) motion in the U.S. District Court for the District of Arizona;

3. Plaintiff's Request for Hearing on Defendant's Motion to Dismiss is hereby **DENIED**;

4. The $89,000 deposited by the members of Super Sunrise, LLC, and currently held by Donald Yates in his firm's escrow account, shall remain in that account pending the resolution of Super Sunrise's jurisdictional challenge before the U.S. District Court for the District of Arizona. In the event that the parties wish the $89,000 to be held by an agent in Arizona, they shall present an agreed order to that effect before the U.S. District Court for the District of Arizona; and

5. This matter is hereby **STRICKEN** from the docket of the Court.

This 5TH day of December, 2008.



Signed By:
_David L. Bunning_   DB
United States District Judge

G:\DATA\Opinions\0-08-042-MTD.wpd